Hearing Date: November 5, 2014
Hearing Time: 3:00 PM

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re                                                    Chapter 11

LRB Nurses Registry, Inc.,                               Case No. 14-42616(CEC)

                Debtor.

-------------------------------------------------------------------x

# NOTICE OF CROSS-MOTION OF THE ADMINISTRATORS OF THE ESTATE OF LEYLAND BENN FOR AN ORDER DISMISSING CHAPTER 11 CASE AND PRECLUDING DEBTOR FROM RE-FILING FOR BANKRUPTCY

PLEASE TAKE NOTICE that Walter Drobenko, attorney for administrators of the Estate of Leyland Benn, will cross move this Court before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, at the Conrad B. Duberstein Courthouse, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, on **November 5, 2014 at 3 PM** or as soon thereafter as counsel can be heard, for the entry of an order dismissing this chapter 11 case, and for such other and further relief as the court may deem just and proper.

The original application and supporting statements are on file with the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court, and personally served on the Walter Drobenko, Esq., Drobenko & Associates PC,

1

25-84 Steinway Street, Astoria, New York 11103.  Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response and the basis for such response.

Dated:  October 10, 2014
         Astoria, NY

                                DROBENKO & ASSOCIATES PC

                                /s/ Walter Drobenko
                                _____
                                Walter Drobenko, Esq.
                                Attorney for Administrators of the
                                Estate of Leyland Benn
                                25-84 Steinway Street
                                Astoria, NY 11103
                                Tel. No. (718) 721-2000
                                Fax No. (718) 721-8812

Hearing Date: November 5, 2014
Hearing Time: 3:00 PM

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re                                                     Chapter 11

LRB Nurses Registry, Inc.,                                Case No. 14-42616(CEC)

              Debtor.                          **DECLARATION IN SUPPORT**
**OF CROSS-MOTION TO**
**DISMISS AND PRECLUDE**

------------------------------------------------------------------x

      Walter Drobenko, an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following under the penalties of perjury:

      I am the attorney for the Administrators of the Estate of Leyland Benn (hereinafter "the Estate"). The estate owns LRB Nurses Registry, Inc. (hereinafter "LRB").

### **DEBTOR'S CHAPTER 11 CASE SHOULD BE DISMISSED**

1. I submit this declaration in support of Estate's Cross Motion to Dismiss and Preclude.

2. In addition, I join and I incorporate by reference that part of the U.S. Bankruptcy Trustee's motion requesting dismissal of debtor's Chapter 11 case. As such we request that this Honorable Court incorporate into our Cross Motion all of Trustee's arguments for dismissal in his Motion and his Memorandum of Law.

3. The debtor has failed to follow federal statutory law.

4. 11 USC Section 1112(b)(4)(F) requires that the debtor file monthly operating reports. Debtor has failed to file any monthly operating reports since the commencement of this

          case, in violation of this federal statutory requirement. Reports for May 2014, June 2014, July 2014 and August 2014 are outstanding.

5.     The debtor has failed to follow this Court's status conference order signed on June 20, 2014.

6.     This Court's status conference order directs that debtor:

> file with the Court, and serve upon the Office of the United States Trustee, monthly operating reports during the pendency of this case...and that the operating reports shall be served and filed on or before the 20th day of the month following the reporting period.

7.     11 USC Section 1112(b)(4)(E) requires that the debtor comply with this Court's status conference order. Failure to so comply constitutes cause under this section of the statute to dismiss debtor's Chapter 11 case.

8.     The debtor is in derogation of this Court's order. It has failed to file operating reports for the months above-stated. " Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process." See *In re Berryhill* and *In re Tornheim*, U.S. Trustee's Memorandum of Law, page 5. In accord with federal statutory law and federal case law debtor's Chapter 11 case must be dismissed.

9.     "It is well established that bad faith may serve as a ground for dismissal of a bankruptcy petition" *In re Island Helicopters, Inc.*, 211 B.R. 453, 461 (Bankr.EDNY 1997)

10.    If the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's creditors to enforce their rights, this factors into the Court's decision to dismiss the chapter 11 case for having been brought in bad faith. *C-TC 9th Avenue Partnership v. Norton Co.*, 113 F.3d 1304 (2d Cir. 1997). Such is the

case with the petitioner herein.

11. On October 1, 2014 the debtor filed a chapter 11 plan of liquidation. Simply put, this plan is too little, too late. Debtor did not even bother to make any application to this Court to request additional time to file the plan.

12. Moreover, Debtor's plan lacks substance. It does not comply with statutory requirements, nor does it comport with customary form and substance. The debtor's plan is self-serving and without any evidence to support the ability of the debtor to effectuate the plan. Debtor alleges that they have financing available in order to take care of the creditors. However, there was no evidence submitted to even support that a commitment was issued. The debtor has been for several years representing that the debtor has the ability to refinance and satisfy its debts.

13. As late as February 13, 2013, the Supreme Court, Kings County issued an order permitting the Estate to sell the subject property and make the payments to satisfy the Plaintiffs in the Supreme Court Action. Attached hereto as **Exhibit "A"** is a copy of the Supreme Court order dated February 19 2013, which gave Rosemund Norton Benn 90 days to come up with financing and if she did not come up with the financing the Plaintiffs in the Supreme Court action shall have the right to sell the subject property. In response to the said order Nigel Blackman, Esq. on behalf of his client Rosemund Norton Benn, on May 10, 2013, wrote a letter to the Honorable Judge David Schmidt, once again, stating that they have financing to pay the stipulated amount of $865,000.00. However, once again, there was no financing produced. Attached hereto as **Exhibit "B"** is a copy of Blackman's letter dated May 10, 2013. Therefore, the filing of the Chapter

11 Petition was only another stall tactic in an effort to avoid the Supreme Court Trial.

14. At the Creditors' Meeting, the Trustee advised Mr. Blackman and Rosemund Norton Benn that she had to comply with the Trustee directives. She was directed to open up a debtor in possession checking account, she was directed to collect the rent from the tenant and deposit same in the debtor in possession account, she was required to file monthly operating reports and she was supposed to evict the tenant if she did not collect rent from the tenant. However, notwithstanding, she failed to comply with any of the directives.

15. Based upon the fact that the debtor did not comply with all of the Trustee's directives, the debtor brought the instant bankruptcy petition in bad faith.

16. On October 1, 2014, which was the last appearance before this Court, this Court agreed that the issues between Rosemund Norton Benn and the Estate are better off being decided in Supreme Court Kings County, especially in light of the fact that the case is scheduled to go to trial on November 25, 2014.

17. Prior to filing the Chapter 11 Petition, the case was scheduled to go to trial on January 21, 2014. However, Mr. Blackman requested an adjournment in an effort to try to come up with some financing again and it was stipulated that the trial in this matter was to be on or before February 6, 2014 and it was marked "Final". Attached hereto as **Exhibit "C"** is a copy of the so ordered stipulation. Thereafter, Mr. Blackman requested additional adjournments of that trial date, and then filed for bankruptcy May 23, 2014.

18. The debtor should be precluded from re-filing for bankruptcy because the instant filing is was brought in bad faith. Preclusions have been granted where the debtor has demonstrated a willingness to abuse the Bankruptcy Code by filing a case in bad faith,

and because the debtor has used the bankruptcy process to delay and frustrate the legitimate efforts of its creditors to enforce their rights, some form of prospective relief is warranted. *In re Hartford & York LLC*, Chapter 11, Debtor. Case No. 13-45563-ess. United States Bankruptcy Court, EDNY, March 13, 2014.

WHEREFORE, based upon the above it is respectfully requested that this Court grant the Cross Motion and such other and further relief as the Court may deem just and proper.

Dated: October 10, 2014
       Astoria, NY

                                            DROBENKO & ASSOCIATES PC

                                            /s/ Walter Drobenko
                                            _____
                                            Walter Drobenko, Esq.
                                            Attorney for Administrators of the
                                            Estate of Leyland Benn
                                            25-84 Steinway Street
                                            Astoria, NY 11103
                                            Tel. No. (718) 721-2000
                                            Fax No. (718) 721-8812

EXHIBIT A

1/2

At an I.A.S. Trial Term, Part of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 19 day of Feb 20 13

P R E S E N T :
Hon. _____
Justice

---

MARCELLE BENN ET. AL
                                    Plaintiff(s)

- against -

ROSEMUND NORTON ET. AL
                                    Defendant(s)

Cal. No. 2 & 3
Index No. 5647/2010

---

| The following papers numbered 1 to ___ read on this motion | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed | |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | |
| ___ Affidavit (Affirmation) | |
| Pleadings - Exhibits | |
| Stipulations - Minutes | |
| Filed Papers | |

1. DEFENDANTS' MOTION FOR A DECLARATORY JUDGMENT RELATING TO THIS COURT'S PRIOR PRECLUSION ORDERS IS DENIED, without prejudice.

For Clerks use only
MG _____
MD _____
Motion Seq. # 4/5

ENTER
_____
J.S.C.
HON. DAVID I. SCHMIDT

EJV-rev 11-04

## PAGE 2

INDEX# 5647/2010         DATE 2-19-13

PLAINTIFF BENNY    vs   DEFENDANT NORTON ET AL

2. THAT PORTION OF PLAINTIFFS MOTION SEEKING AN ORDER PERMITTING PLAINTIFFS TO SELL THE PROPERTY OWNED BY DEFENDANT LRB NURSES REGISTRY, TO WIT: 4212-4224 CHURCH AVENUE, BROOKLYN N.Y. IS HEREBY GRANTED & THE PLAINTIFFS SHALL TAKE THE SALE PROCEEDS AND DISTRIBUTE SAME AS PER THE STIPULATION OF SETTLEMENT DATED DECEMBER 18, 2012 AND APPROVED BY THE GUARDIAN AD LITEM KAREN GOLDBERG SAGER, ESQ.

3. THE PLAINTIFFS ARE HEREBY GRANTED THE AUTHORITY TO EXECUTE ANY & ALL DOCUMENTS NECESSARY TO SELL THE PROPERTY INCLUDING A DEED & OTHER RELATING CLOSING DOCUMENTS.

4. THE SALE OF THE ABOVE PROPERTY CAN BE MARKETED IMMEDIATELY, HOWEVER A CONTRACT OF SALE CANNOT BE ENTERED INTO UNTIL NINETY (90) DAYS FROM TODAY.

5. IN THE EVENT DEFENDANT NORTON SHALL COME UP WITH FINANCING AS REQUIRED UNDER THE TERMS OF THE DECEMBER 18, 2012 STIPULATION WITHIN NINETY (90) DAYS FROM TODAY THEN THE DEFENDANT SHALL PAY & COMPLY WITH THE TERMS OF THE DECEMBER 18, 2012 STIPULATION & CLOSE WITHIN SEVEN (7) DAYS OF OBTAINING THE FINANCING

6. IF DEFENDANT FAILS TO OBTAIN THE FINANCING WITHIN 90 DAYS, THE PROPERTY SHALL BE SOLD AS PROVIDED IN PARAGRAPH 2 ABOVE.

ENTERED/SO ORDERED

_____
JSC
HON. DAVID I. SCHMIDT

PAGE 2

EXHIBIT B

# BLACKMAN & MELVILLE, PC

Nigel E. Blackman, Esq.  
Admitted in New York

11 Broadway, Suite 615, New York, NY 10004  
Tel: (718) 576-1646.  Fax (718) 228-8795  
inquiry@bmlawonline.com

Denise A. Melville, Esq.  
Admitted in New York

May 10, 2013

SENT VIA Facsimile to: (718) 643-7830  
Hon. David Schmidt  
360 Adams St.  
Brooklyn, NY 11201

       Re: Marcelle Benn et al –v- Rosemund Norton et al  
          Index No.: 005647/2010

Dear. Judge Schmidt,

  Please be advised that on or our last appearance in the above referenced case you directed that the defendant, Rosemund Norton obtain financing by Monday, May 13, 2012, or the building should be Ordered to be sold.

  During this process we relied upon the promise of the loan orignator previously being used and referred by Plaintiff that my client had a commitment for financing. This proved far from accurate; however, my client has obtained on her own a commitment for a loan amount of $700,000.00 from the *proposed* stipulated amount of $865,000.00. She has agreed to make alternative arrangements to complete the balance of payment of $165,000 through her own means over a period of time.

  Despite this fact, during the pendency of these negotiations and acquiring of financing there is a Default judgment in the amount of $1,000,000.00 under Index Number 005037/2009 under case reference, <u>ST. MARTIN ,ALANA – vs- L.R.B. NURSES REGISTRY INC.</u>

  We will be filing another motion to vacate the default Judgment and seeking a stay of any executions in that case. Once this is done we should be able to successfully complete this transaction in favor of the Plaintiff in this case.

  I have attached a copy of the commitment for information and guidance.

Respectfully

*[signature]*

Nigel E. Blackman, Esq.

cc: Walter Drobenko, Esq.

EXHIBIT C

At an I.A.S. Trial Term, Part ___ of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 21 day of JAN 20 14

P R E S E N T :

Hon. DAVID I. SCHMIDT
_____
Justice

_____

MARCELLO BENN

Plaintiff(s)

Cal. No. 2
Index No. 3923/11

- against -

NORTON ROSAMOND BENN
ET AL

Defendant(s)
_____

The following papers numbered 1 to ___ read on this motion    Papers Numbered

Notice of Motion - Order to Show Cause
and Affidavits (Affirmations) Annexed_____
Answering Affidavit (Affirmation)_____
Reply Affidavit (Affirmation)_____
_____Affidavit (Affirmation)_____
Pleadings - Exhibits_____
Stipulations - Minutes_____
Filed Papers_____

THE ABOVE CAPTIONED CASE IS HEREBY ADJOURNED TO FEBRUARY 6, 2014 FOR TRIAL. THE CASE IS MARKED FINAL.

_____            _____
WALTER DROBENKO, ESQ.                 NIGEL BLACKMAN, ESQ.
ATTORNEY FOR PLAINTIFFS               ATTORNEY FOR DEFENDANTS

For Clerks use only
MG___
MD___
Motion Seq. #

_____

E N T E R

_____
J.S.C.

EJV-rev 11-04                                               HON. DAVID I. SCHMIDT